OPINION OF THE COURT
Meyer, J.
 The issues presented by this appeal are whether section B32-358.0 of the Administrative Code of the City of New York, which makes it a misdemeanor to abandon or willfully fail to perform, without justification, a home improvement contract, is unconstitutional (1) for vagueness because it fails to specify the required mental state and does not indicate what constitutes justification, or (2) because in violation of the Thirteenth Amendment’s proscription of involuntary servitude, and whether the evidence was sufficient to present a jury question. We hold that the evidence was sufficient on at least one of the remaining counts of the indictment and, therefore, reach the constitutional issues. Concluding that the section violates the Thirteenth Amendment and the acts of Congress in furtherance of it, we reverse and dismiss the remaining counts of the indictment and, therefore, do not reach the vagueness issue.
Defendant Bernard Lavender was president and sole stockholder of All-Weather Exteriors, Inc., a corporation estab *337 lished in 1970, which employed some 25 people and whose gross business in home improvement work was in excess of $2,000,000 per year. Indicted on 41 counts relating to transactions of All-Weather, Lavender was convicted after a bench trial of only six counts, all of the others being either dismissed prior to the close of trial or having resulted in acquittal. The convictions on two of those counts charging possession of a forged instrument and the making of an apparently sworn false statement were affirmed by the Appellate Division but were vacated by the trial court on a postconviction motion based upon newly discovered evidence and, therefore, are no longer before us. Lavender’s conviction on count eight of the indictment, charging willful deviation from the terms of the home improvement contract in question, was reversed by the Appellate Division (54 AD2d 947). On the other three counts, charging abandonment without justification of contracts with Gloria Roberts, Lee Bowman and Clara Jones, the Appellate Division affirmed the convictions but on reargument deleted the six months prison sentence imposed on each, leaving as the remaining sentence a fine of $1,000 on each of the three counts (71 AD2d 844). The matter is before us on leave granted by a member of this court (41 NY2d 867 and 43 NY2d 929).
The provision under which defendant Lavender was convicted on the three counts still surviving is a part of article 42, by which the city regulates the home improvement business. Section B32-358.0 details the acts prohibited, violation of which prohibition is by section B32-365.0 made a misdemeanor punishable by imprisonment for not more than six months or a fine of not more than $1,000 or both. Subdivision 1 of section B32-358.0 prohibits "[abandonment[1] or willful failure to perform, without justification, any home improvement contract or project engaged in or undertaken by a contractor”.
Defendant argues that a corporate officer may not be held criminally liable solely on the basis of acts performed by other officers or agents of the corporation and that in any event it was the burden of the People to show abandonment without justification. The evidence does not connect defendant Lavender with the Roberts or the Jones contract either at the inception of those contracts or later, but does connect him with the Bowman contract, not when it was made in May of *338 1972, but as a result of the Bowmans’ complaints in December, 1972. Their complaint was that though some of the walls, ceilings, heating and sanitary facilities had been ripped out by workmen who appeared sporadically in connection with the contract, it remained essentially incomplete at the time of complaint and, indeed, at the time of trial. Mrs. Bowman testified that Lavender twice appeared at her home in December, 1972 and promised that the work would be completed but never did so. Her testimony was countered by Lavender’s that his offer to complete the work was conditioned upon Mrs. Bowman authorizing him to do so and that eventually she was given $2,500 in cash and $3,000 worth of building materials in settlement, which ended the matter. Since the settlement came after the' matter was before the District Attorney’s staff and defendant Lavender signed a certificate of completion for the Bowman contract which was false, there clearly was sufficient evidence to present an issue for the trier of fact concerning the Bowman contract, though not with respect to the other two contracts.
We are thus brought to consideration of the constitutional issues, but as already noted do not reach the vagueness question since we hold the provision in question unconstitutional because in violation of the Thirteenth Amendment[2] and the provisions of the United States Code enacted in enforcement of that amendment.[3] That conclusion, adumbrated in our decision in People v Pickett (19 NY2d 170, 177) is mandated by decisions of the United States Supreme Court in Pollock v Williams (322 US 4); Taylor v Georgia (315 US 25); United *339 States v Reynolds (235 US 133), and Bailey v Alabama (219 US 219). Though those cases involved State statutes making criminal the failure to carry out a contract for labor or services on which an advance had been received (whether directly or through the intervention of a surety who had paid a judgment for breach of the underlying contract confessed by the laborer or provider of service), and thus more clearly involved peonage[4] than does the Administrative Code subdivision here in question, the principles they establish dictate the result in this case. The Bailey case held that the voluntary nature of the underlying contract could expose the debtor to judgment for breach, but not to enforced labor and that a State statute which attempted to do so was in violation of both the Thirteenth Amendment and the act of Congress passed in furtherance of it (219 US, at pp 242, 245). Taylor held the statute not saved by the argument that its target was a presumed initial fraud rather than a subsequent breach, noting (315 US, at p 30) that "the subsequent breach of the contract by the defendant, however capricious or reprehensible, does not establish a fraudulent intent at the initial stage of the transaction”, and in Pollock (322 US, at p 24), the Supreme Court after analyzing its prior decisions summed the matter up in the following pertinent paragraph: "It is true that in each opinion dealing with statutes of this type this Court has expressly recognized the right of the state to punish fraud, even in matters of this kind, by statutes which do not either in form or in operation lend themselves to sheltering the practice of peonage. Deceit is not put beyond the power of the state because the cheat is a laborer nor because the device for swindling is an agreement to labor. But when the state undertakes to deal with this specialized form of fraud, it must respect the constitutional and statutory command that it may not make failure to labor in discharge of a debt any part of a crime. It may not directly or indirectly command involuntary servitude, even if it was voluntarily contracted for.”
Since the Administrative Code provision quoted above is directed not at the fraud involved in receiving money in relation to a contract with the present intention not to perform, but solely at the failure to perform the services necessary to carry out the contract, it violates both the Thirteenth *340 Amendment and the sections of the United States Code quoted in footnote 3.
Accordingly, the order of the Appellate Division, dated November 15, 1976, as modified by the order of that court, dated December 7, 1977, insofar as appealed from, should be reversed, and the remaining counts of the indictment should be dismissed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order reversed and the remaining counts of the indictment dismissed.

. So in the original. Probably should read "abandonment of’.

. Section 1 of the amendment reads: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have -been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.” That provision is self-executing (Bailey v Alabama, 219 US 219, 241), but section 2 of the amendment also gives the Congress power to enforce the amendment by legislation.

. US Code (tit 42, § 1994) provides that "The holding of any person to service or labor under the system known as peonage is abolished and forever prohibited in any Territory or State of the United States; and all acts, laws, resolutions, orders, regulations, or usages of any Territory or State, which have heretofore established, maintained, or enforced, or by virtue of which any attempt shall hereafter be made to establish, maintain, or enforce, directly or indirectly, the voluntary or involuntary service or labor of any persons as peons, in liquidation of any debt or obligation, or otherwise, are declared null and void” and US Code (tit 18, § 1581, subd [a]) requires that "(a) Whoever holds or returns any person to a condition of peonage, or arrests any person with the intent of placing him in or returning him to a condition of peonage, shall be fined not more than $5,000 or imprisoned not more than five years, or both.”

. "The essence of the thing [peonage] is compulsory service in payment of a debt. A peon is one who is compelled to work for his creditor until his debt is paid.” (Bailey v Alabama, 219 US 219, 242, supra.)